**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| James Edward Rose, Jr.,            )<br>                                                       )<br>                         Plaintiff,      )<br>                                                       )<br>vs.                                                  )<br>                                                       )<br>Capt C Govan and Lt K Fisk,      )<br>                                                       )<br>                         Defendants.  )<br>_____) | Civil Action No. 4:11-cv-03352-JMC<br><br>**ORDER AND OPINION** |

Plaintiff James Edward Rose, Jr. ("Plaintiff"), a former pretrial detainee in the Orangeburg-Calhoun Regional Detention Center ("OCRDC") and current state prisoner proceeding *pro se*, filed this action against Captain Charles Govan and Lieutenant Kim Fisk ("Defendants") alleging that they violated several of his constitutional rights while he was detained at the OCRDC. Currently before the court is Plaintiff's Motion to Suspend [Dkt. No. 43], which this court liberally construes as Plaintiff's request to dismiss his complaint without prejudice. Defendants oppose this motion.

Federal Rule of Civil Procedure 41(a)(1)(i) allows a plaintiff to voluntarily dismiss an action without an order of the court by filing a notice of dismissal prior to service of an answer or a motion for summary judgment by the opposing party. Alternatively, all parties appearing in the action may stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1)(ii). However, after an opposing party has served a responsive pleading, an action may be voluntarily dismissed without prejudice only with leave of court under Federal Rule of Civil Procedure 41(a)(2). Such dismissal is within the discretion of the court. *See Davis v. USX Corp*., 819 F.2d 1270, 1273 (4th Cir. 1987).

"The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced. . . . In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* (citations omitted). However, "[a]

1

plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Substantial prejudice does not result solely from the prospect of defending a second suit. *See Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 386 (S.D. W. Va. Sept. 12, 2003). When determining whether a Rule 41(a)(2) motion should be appropriately granted, the court should consider the following non-exclusive factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id*.

Upon considering the record in this case and the factors above, the court finds that voluntary dismissal would be appropriate at this time. Additionally, the court determines that Defendants would not be unduly prejudiced by the dismissal. Although Plaintiff filed this action more than one year ago, Defendants filed their Motion for Summary Judgment [Dkt. No. 37] on May 25, 2012, shortly after the entry of the Scheduling Order [Dkt. No. 32]. On May 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and responded with the instant motion before the court, which was docketed on June 7, 2012. Defendants do not oppose Plaintiff's request for dismissal, but complain that it would be prejudicial to allow dismissal without prejudice, primarily citing the expense and resources expended in defending the suit thus far. However, the case has not been set for trial and it does not appear that substantial discovery has occurred. Therefore, the court does not find that Defendants would be substantially prejudiced.

Accordingly, the court **GRANTS** Plaintiff's Motion to Suspend [Dkt. No. 43] and **DISMISSES** the Complaint without prejudice. Defendants' Motion for Summary Judgment [Dkt. No. 37] is **DISMISSED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 23, 2013
Greenville, South Carolina